IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY GENE DOSS, # 254085, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BILLY MITCHEM, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:11cv710-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Billy Gene Doss ("Doss"), an Alabama inmate proceeding *pro se*, is before the court on his federal habeas corpus petition under 28 U.S.C. § 2254.

## I.   BACKGROUND

On July 9, 2007, Doss pled guilty in the Montgomery County Circuit Court to four counts of enticing a child for immoral purposes, in violation of § 13A-6-69(a), Ala. Code 1975; three counts of attempted sodomy in the first degree, in violation of §§ 13A-6-63(a)(1) and 13A-4-2, Ala. Code 1975; and one count of sexual abuse in the first degree, in violation of § 13A-6-66(a), Ala. Code 1975.  On July 21, 2007, the trial court sentenced Doss to 20 years in prison on the attempted-sodomy counts and to 10 years in prison on each of the remaining counts, ordering that all sentences run concurrently.  On August 22, 2007, Doss filed a Motion to Reconsider and Reduce Sentence.  The trial court denied the motion on August 28, 2007.  Doss did not file a direct appeal.

On March 10, 2008, Doss filed a *pro se* Rule 32 petition[1] in the trial court asserting the following claims:

1. His guilty plea was unlawfully induced and involuntary because he relied on his trial counsel's representation that if he pled guilty he would receive a split sentence; however, he did not receive a split sentence.[2]

2. He received ineffective assistance of counsel because his trial counsel incorrectly advised him he would receive a 20-year split sentence with three to five years to serve.

Resp'ts' Ex. 1 at 7-40.[3]

On August 26, 2008, the trial court entered a written order denying Doss's Rule 32 petition.  Resp'ts' Ex. 1 at 80-85.

On October 7, 2009, the trial court granted Doss an out-of-time appeal from the judgment denying his Rule 32 petition.  *Id*. at 131.  Doss filed written notice of appeal on November 2, 2009.  *Id*. at 117.  On appeal, Doss asserted the same claims he had presented in his Rule 32 petition. Resp'ts' Exs. 9 and 11.

On April 16, 2010, by unpublished memorandum opinion, the Alabama Court of

---

[1] *See* Ala. R.Crim. P. 32.

[2] A split sentence occurs when the trial court orders that the defendant serve a portion of a sentence in incarceration to be followed by probation for a period of time.  In Alabama, if the overall sentence is between 15 and 20 years, the maximum period of initial incarceration under a split sentence is five years. *See* § 15-18-8, Ala. Code 1975.  After completion of the incarceration portion of the split sentence, the defendant is released on probation for the balance of the term.

[3] References to exhibits are those filed by Respondents.  Page references are to those assigned by CM/ECF.  References to document numbers are to those assigned by the Clerk of Court.

2

Criminal Appeals affirmed the trial court's judgment denying Doss's Rule 32 petition. Resp'ts' Ex. 4. Doss filed an application for rehearing, which the Court of Criminal Appeals overruled on May 14, 2010. Resp'ts' Ex. 6. Doss filed a petition for a writ of certiorari with the Alabama Supreme Court, which that court denied on August 5, 2011, the date on which it also issued a certificate of judgment. Resp'ts' Exs. 7 and 11.

On August 28, 2011, Doss filed this § 2254 petition, in which he presents the same grounds for relief he presented in his Rule 32 petition. Doc. No. 1 at 5-8. In addition, Doss argues that the trial court erred by denying his Rule 32 petition without conducting an evidentiary hearing. *Id*. at 8-9.

Following a careful review of Doss's § 2254 petition and the parties' submissions, the undersigned finds, for the reasons set forth below, that Doss is not entitled to habeas relief and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Standard of Review

To prevail on a § 2254 claim that was adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and

(2);[4] *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13 (2000). A state court's decision is "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision involves an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

---

[4] Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
> >
> > (2) resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Federal district courts are directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

### B.  Disposition of Claims

In his § 2254 petition, as he did in his state Rule 32 petition, Doss presents claims that–

> (1) his guilty plea was unlawfully induced and involuntary because he relied on his trial counsel's representation that if he pled guilty he would receive a split sentence; and
>
> (2) he received ineffective assistance of counsel because his trial counsel incorrectly advised him he would receive a 20-year split sentence with only three to five years to serve in prison.

Doc. No. 1 at 5-9, 16-42; Resp'ts' Ex. 1 at 7-40.

To his Rule 32 petition, Doss attached his Motion to Reconsider and Reduce Sentence (originally filed with the trial court on August 22, 2007), a transcript of his sentencing hearing, his own affidavit in support of his claims, and the affidavit of his trial counsel, Susan James. *See* Resp'ts' Ex. 1 at 21-47. In his affidavit, Doss stated that James had

assured him prior to entry of his guilty plea that he would receive a 20-year split sentence with only three to five years to serve in prison. *Id*. at 38-40. He further averred that he would never have pled guilty if James had not "guaranteed" him he would receive the split sentence. *Id*. at 40.

For her part, attorney James averred as follows in her affidavit:

> Doss's goal was to avoid prison yet not put his family or the victims through a public trial. In an effort to accomplish that goal I entered into plea discussions with [Assistant District Attorney] Trish Melberg and she said the case sounded to her like a split sentence case. The case was transferred to [Assistant District Attorney] Loria James, who also talked as if a split sentence was reasonable. Assistant District Attorney James suggested the parties approach the Court to get a feel for how the Court might dispose of the case. The parties did this and the undersigned got the clear impression that the Court's reaction was that the case appeared approximate [sic] for a split sentence.
>
> Counsel conveyed all of this information to Doss with the sincere belief he would receive a split sentence. The same [was] told to Doss and he entered his plea based on this representation.

Resp'ts' Ex. 1 at 64.

In its order denying Doss's Rule 32 petition, the trial court found, in pertinent part, as follows:

> The Court finds that the Petitioner was represented in this matter by extremely able and experienced counsel who at all times acted competently and professionally. The Petitioner's defense counsel represented Petitioner at the time the Petitioner pled guilty and was sentenced. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. The Court finds that the Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights. The Court record reflects as much. Furthermore, *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] requires this Court to examine defense

6

counsel's conduct and Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. *Strickland*, 466 U.S. at 689. The Court concludes that when defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition is proper. *Boles v. State*, 717 So. 2d 877 (Ala. Crim. App. 1998).

The Petitioner alleges that he was coerced into pleading guilty based on an expectation. The Petitioner hoped to be granted a lenient sentence by this Court, specifically a split sentence. The Court finds that defense counsel petitioned the Court for a split sentence, but the Petitioner was ultimately sentenced to twenty years in the Department of Corrections.

The Court asserts that there is a logical disconnect between Petitioner's argument and the facts. Sentencing is a discretionary matter which is ultimately solely within the judgment of the Court. This Court chose to sentence the Petitioner to twenty years in the Department of Corrections because the Petitioner pled guilty to the crimes prior to sentencing. There is no evidence that this Court or any officer of the court attempted to coerce the Petitioner with a lenient sentence. In fact, the Court explained to the Petitioner that he was charged with a class A felony and the Court thoroughly explained the possible range of punishment. Additionally, the Court specifically asked the Petitioner if he had gone over the explanation of rights form with his attorney and Petitioner's response was yes. The Court further inquired to see if Petitioner had any questions regarding the explanation of rights form wherein petitioner's response was no. The Court also specifically asked the Petitioner if he had been promised anything to plead guilty and he said that he had not. The Court further asked the Petitioner if he had been threatened in order to get him to plead guilty and he stated that he had not. Finally to avoid all confusion the Court asked the State and the Defense if there was any plea agreements associated with the case and both responded that there was not.

The Court declares that the Petitioner knew at the time of his plea that he was pleading guilty without any promises as to what his sentence would be. The only evidence that the Petitioner has presented is that his attorney stated what sentence she thought that he would get and what sentence she would argue for; which is indeed her job. Defense counsel should advise their clients of what may happen based on their knowledge of the law and experience with the court. However, the Court finds there is no evidence that his attorney

7

>   promised him a certain sentence which would be in direct conflict with the Alabama State Bar's ethics rules.
>
>   The Court finds that the Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights, including the range of punishment that the Petitioner might receive. The Court record reflects as much. Therefore the Petitioner's guilty plea was not unlawfully induced, obtained by coercion, or made involuntarily without understanding of the nature of the charge and consequences of his plea.
>
>   The Court finds that the Petitioner's argument has no merit and fails to offer any proof of such a claim.

Resp'ts' Ex. 1 at 82-84.

In its memorandum opinion affirming the trial court's denial of Doss's Rule 32 petition, the Alabama Court of Criminal Appeals held, in pertinent, as follows:

>   Doss argues that his reliance on his trial counsel's understanding regarding sentencing rendered his guilty plea involuntary and that his counsel's advice to plead guilty was error which prejudiced his case. It is well settled that we will not reverse a circuit court's ruling on a Rule 32 petition absent an abuse of discretion by the circuit court. *Elliott v. State*, 601 So. 2d 1118, 1119 (Ala. Crim. App. 1992).
>
>   ....
>
>   "[I]n *Culver v. State*, 549 So. 2d 568, 571-72 (Ala. Crim. App. 1989), we affirmed the trial court's refusal to set aside the defendant's guilty plea because the facts established that the defendant entered a plea of guilty based upon the 'probability' that he would receive less time if he entered a guilty plea. We stated in *Culver*, 549 So. 2d at 572:
>
>   >   "'A claim of ineffective assistance of counsel requiring a reversal of a conviction requires proof (a) that the appellant's counsel's performance was deficient, by showing that counsel made errors so serious that counsel was

8

> not functioning as the counsel guaranteed the appellant by the Sixth Amendment, and (b) that this deficient performance prejudiced the appellant by showing that counsel's errors were so serious as to deprive the appellant of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *Dill v. State*, 484 So. 2d 491 Ala.Cr.App.1986). In carrying the burden of establishing prejudice, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*. When an appellant's claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the *Strickland* analysis is satisfied by the appellant's establishing 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203 (1985).'"

*Cobb v. State*, 895 So. 2d 1044, 1048-49 (Ala. Crim. App. 2004).

Here, Doss claims that he entered his guilty plea based on the representation of his trial counsel that he would receive a split sentence. The record reflects that the following occurred at sentencing:

> "[Defense Counsel]: before we entered our plea, I did tell him that we had spoken to the State and they would not make a recommendation and we had given the Court some of the facts and the Court seemed to be inclined to think a split sentence was appropriate. <u>I told him that I was confident that he would get a split sentence up to five years because that was the most the Court can do and he has relied on that to his detriment, in my opinion</u>. I ask pursuant to [Ala.R.Crim.P.] 14.4(3) that he be allowed to withdraw the plea of guilty and proceed to trial. We can put him on the record that he relied on that if you want to.

9

>I know we can do that in open court. I didn't want us to think we had private conversation with the Court.
>
>"[Prosecutor] Judge, we did not have an agreement in this case.
>
>"....
>
>"[Defense Counsel]: There is no agreement with the State at all, but I represented to him after we came to the Court and laid out the facts that I got the impression the Court thought under the facts a split sentence would be possible. He relied on what I told him, not what you told him and not on what the State told him. I am the one at fault here."

(R. 19-20.) (Emphasis added.)

At sentencing, the trial court did not enter a ruling and requested a written motion. Defense counsel subsequently filed a Motion to Reconsider and Reduce Sentence. *See Minor v. State*, 627 So. 2d 1071, 1072 (Ala. Crim. App. 1992) (the court would not normally have jurisdiction to consider an allegation of a material misrepresentation by counsel in association with a guilty plea because the motion to withdraw the guilty plea was untimely; however, the defendant filed a timely motion to reconsider asserting the issue.). In his motion to reconsider, trial counsel requested a split sentence and averred: "Doss entered his guilty plea based on representations of counsel that he would receive a split sentence with the maximum to serve of five (5) years." (R. 33).

> ....

It is well settled that if circuit judges have personal knowledge of the matters which occurred at the guilty plea hearing and at sentencing, as occurred in Doss's case, under *Sheats v. State*, 556 So. 2d 1094 (Ala. Crim. App. 1989), and *Ex parte Hill*, 591 So. 2d 562 (Ala. 1991), circuit courts may deny petitions without evidentiary hearings. However, the circuit court, even where the same judge presides over the trial on the merits and over the Rule 32 petition, could not know what discussions took place between counsel and his client. *See, e.g., Ex parte Walker*, 800 So. 2d 135, 138 (Ala. Crim. App. 2000) ("[T]he trial court did not have personal knowledge of the performance

10

of Walker's lawyers on appeal. Walker's claim alleging ineffective assistance of appellate counsel is based upon conduct of those lawyers that the trial court could not have observed."). Likewise, the circuit judge in this case could not have known what Doss's trial counsel did or did not promise Doss outside of what he observed.

However, the circuit court, after reviewing the affidavits presented by Doss, correctly found that there was no evidence that Doss's attorney affirmatively promised Doss that he would receive a split sentence. Rather, trial counsel merely met with the trial court and with the prosecution to determine what sentence may have been available to Doss. While Doss's trial counsel may have told Doss that a split sentence was possible, she did not assert in her affidavit that she assured Doss that he would, in fact, receive a split sentence. While Doss may have relied on his trial counsel's "sincere belief" and "confident" prediction that he would receive a split sentence, this is not a promise, nor is it a material misrepresentation. (C. 64 and R. 19.) Further, Doss does not contend that there was a plea agreement in this case, and "[t]he mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made." *State v. Holman*, 486 So. 2d 500, 503 (Ala. 1986), citing *Tiner v. State*, 421 So. 2d 1369 (Ala. Crim. App. 1982). Doss entered into an open plea based on his trial counsel's "impression" that he would get a split sentence. (C. 64.) Hence, because we do not find that trial counsel committed any error or made any material misrepresentations, both of Doss's claims – that his guilty plea was involuntary and that he received the ineffective assistance of counsel – are without merit.

Therefore, we hold that the circuit court did not abuse its discretion in denying Doss's petition, and the judgment of the circuit court is due to be affirmed.

Resp'ts' Ex. 4 at 5-11.

## C. Issues

### *1. Challenge to Voluntariness of Guilty Plea*

Doss maintains that his guilty plea was unlawfully induced and involuntary because,

11

he says, he relied on his trial counsel's representation that if he pled guilty he would receive a split sentence. Doc. No. 1 at 5, 16-26. According to Doss, he would not have pled guilty if his counsel had not "guaranteed" him he would receive a split sentence.

To satisfy the requirements of due process, a guilty plea must be voluntary, intelligent, and uncoerced. *Boykin v. Alabama*, 395 U.S. 238 (1969); *United States v. Moriarity*, 429 F.3d 1012, 1019 (11th Cir. 2005). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Thus, there is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

The record establishes that the state courts properly applied *Boykin* and determined that Doss's guilty plea was knowing and voluntary.[5] The Alabama Court of Criminal Appeals noted that, during the guilty plea hearing, the trial court fully and correctly explained the possible range of punishment to Doss. When questioned by the trial court, Doss acknowledged that he had gone over the explanation of rights form with his attorney and that he had no questions regarding the form. There was no plea agreement in Doss's case. The

---

[5] Although the Alabama Court of Criminal Appeals did not specifically cite *Boykin* when assessing the voluntariness of Doss's guilty plea, it cited other state court decisions citing *Boykin* or applying *Boykin*'s analysis. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

state appellate court noted that Doss stated during his guilty plea hearing that he was not promised anything or threatened in exchange for his guilty plea. The state courts further made findings about Doss's trial counsel's alleged promise to Doss that he would receive a split sentence, referring to, among other things, counsel's statements to the court during Doss's sentencing hearing and counsel's affidavit. Based on this evidence, the Court of Criminal Appeals concluded that while counsel may have told Doss that she confidently believed the trial court would impose a split sentence in his case, counsel did not promise Doss that a split sentence would be imposed or affirmatively misrepresent to Doss that this was the sentence that in fact would be imposed.

Reasonable jurists could agree with the state court's decision that despite counsel's expressions of belief to Doss that he would receive a split sentence, the record does not support Doss's claim that such expressions by counsel overcame Doss's exercise of his free judgment. In affirming the trial court's finding that Doss's guilty plea was knowing and voluntary, the Court of Criminal Appeals emphasized both the statements by Doss's trial counsel concerning what she told Doss before he entered his guilty plea and Doss's sworn statements, made during the guilty plea hearing, denying the existence of other representations or promises. "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). A defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431

13

U.S. 63, 74 (1977).  Further, the mere hope, subjective belief, or expectation of a defendant regarding his sentence that is not based upon a promise by counsel is insufficient to render a guilty plea involuntary.  *See Norman v. McCotter*, 765 F.2d 504 (5th Cir. 1985); *Johnson v. Lockhart*, 746 F.2d 1367 (8th Cir.1984).  Habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the terms of his guilty plea.  *See Nichols v. Perini*, 818 F.2d 554, 558-559 (6th Cir. 1987).

Doss fails to establish that the Alabama Court of Criminal Appeals' decision that his guilty plea was knowing and voluntary was "contrary to" or "an unreasonable application of" clearly established federal law.  28 U.S.C. § 2254(d)(1).  Similarly, Doss does not establish that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding.[6]  28 U.S.C. § 2254(d)(2).  Doss also fails to offer "clear and convincing evidence" to contradict any of the state court's factual determinations.  28 U.S.C. § 2254(e)(1).  After careful review of the record, there is no basis to conclude that the state court's decision that Doss pled guilty knowingly and voluntarily ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2).  Accordingly, Doss is not entitled to relief on this ground.

---

[6] "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1260 (11th Cir. 2012).  "Instead, if some fairminded jurists could agree with the state court's decision, although others might disagree, the state court's decision is not unreasonable.  To be unreasonable, the error in the state court's finding must be so clear that there is no possibility for fairminded disagreement." *Id*.

### 2.   *Ineffective Assistance of Counsel*

Doss contends that his trial counsel, James, rendered ineffective assistance by incorrectly advising him that he would receive a 20-year split sentence with only three to five years to serve in prison. Doc. No. 1 at 7, 27-37. The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in affirming the trial court's decision to deny relief on Doss' claim of ineffective assistance of counsel.

*Strickland* sets forth the clearly established federal law on this issue and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. 668. The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In the guilty plea context, a modified *Strickland* test is used; "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

15

guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 US. 52, 59 (1985). Counsel owes a lesser duty to a client who enters a plea than to one who decides to go to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in relation to the facts, so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir.1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. at 774.

Here, the state courts did not decide Doss's claim of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the Alabama Court of Criminal Appeals' rejection of the ineffective assistance of counsel claim was not contrary to actual Supreme Court decisions. This court must therefore determine whether the Court of Criminal Appeals' decision to reject the ineffective assistance of counsel claim was an unreasonable application of the *Strickland* standard.

In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, this court need not decide whether it would have reached the same result as the state court if this court had been deciding the issue in the first instance. Instead, this court decides only whether the state court's decision of the

16

issue is objectively unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Doss argues that his trial counsel performed deficiently where she induced him to enter a guilty plea by advising him that he would receive a split sentence if he pled guilty. According to Doss, his counsel's representations substantially motivated him to enter his guilty plea. As noted above, the Alabama Court of Criminal Appeals found that the evidence demonstrated that, although Doss's counsel may have told Doss that she confidently believed the trial court would impose a split sentence in his case, counsel did not promise Doss that a split sentence would be imposed or affirmatively misrepresent to Doss that this was the sentence that in fact would be imposed. Based on the record, the Court of Criminal Appeals further held that the trial court did not abuse its discretion in finding that Doss had failed to demonstrate counsel's ineffectiveness.

This court cannot find from the record that the actions of trial counsel unduly prejudiced Doss's decision to plead guilty. The record supports the state courts' findings that Doss's counsel did not affirmatively promise Doss that the trial court would impose a split

17

sentence in his case. As previously noted, during the guilty plea proceedings, the trial court informed Doss of the range of punishment applicable to the charges pending against him. Doss responded positively to the trial court's inquiries regarding whether he had gone over the explanation of rights form with his counsel. Doss responded in the negative to the trial court's inquiries as to whether anyone had promised him anything or threatened him in exchange for his guilty plea. Finally, in light of the undersigned's determination that Doss's guilty plea was constitutionally valid, Doss has failed to show the prejudice necessary to his claim of ineffectiveness and has, therefore, failed to establish that trial counsel performed deficiently. *Strickland*, 466 U.S. at 687-88; *Hill*, 474 U.S. at 58-59.

For the reasons set forth above, Doss is not entitled to habeas relief based on this claim.

### 3.   *Failure of Trial Court to Hold Evidentiary Hearing on Rule 32 Petition*

Doss also argues in his habeas petition that the trial court erred by denying his Rule 32 petition without conducting an evidentiary hearing. Doc. No. 1 at 8, 38-42.

Rule 32.9 of the Alabama Rules of Criminal Procedure provides that, unless the trial court dismisses the Rule 32 petition, a petitioner is entitled to an evidentiary hearing to determine disputed issues of material fact, but that in lieu of an evidentiary hearing, the court in its discretion may take evidence by affidavits, written interrogatories, or depositions. Ala.R.Crim.P. 32.9(a).

The failure of a state court to conduct an evidentiary hearing addressing a state

post-conviction petition does not implicate the United States Constitution, as states have no obligation to provide this avenue of relief, and when they do, nothing in the Constitution requires that an evidentiary hearing be held. *See Murray v. Giarratano*, 492 U.S. 1, 6-8 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991). An attack on a state collateral proceeding does not entitle a petitioner to federal habeas relief in respect to his conviction, because it is an attack on a proceeding collateral to the detention and not the detention itself. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

To the extent Doss bases this claim on alleged violations of state law (e.g., Ala.R.Crim.P. 32.9(a)), he is likewise entitled to no relief, because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Consequently, Doss is due no relief with respect to his claim that the trial court erred in denying his Rule 32 petition without conducting an evidentiary hearing.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Doss be denied and that this case be dismissed with prejudice. It is further

ORDERED that **on or before January 7, 2014**, the parties shall file objections to the

said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of December, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE